Response to the Petition for a Re-iif.aring.
(By Chief Justice Robertson.)
December 24.
The cases cited in the petition do not conflict with the Principle recognized in the case of Chamberlin vs. McCallister et al. (6 Dana;) which is, in every essential par *477 ticular, perfectly parallel with the case we are now earnestly asked to re-hear. The opinion in the case in 6th Dana did not depend, in any degree, on the question whether the contract was divisible or indivisible. It was decided altogether on a principle which applies to indivisible, as well as to divisible, agreements.
The cases referred to in the petition, maintain the following well established doctrines:
First — that if one party prevent the. other from performing his agreement, or fail to perform a condition precedent, he cannot recover damages for non-performance by the other party.
In all such cases the failure by the one, exonerates the other party.
Second — that if a party who is bound to do a single act, as a condition precedent, tender performance in a proper manner, and at the right time and place, he may enforce the contract against the other party. The reason of this doctrine is explained in the case of Chamberlin vs. McCallister et al., supra, and shown to be inapplicable to a case in which the precedent condition cannot be performed by a single act, and in which a tender cannot vest in the party to whom it is made, any right of property or of action.
Third — that in the second class of cases just described, the party offering to perform, may recover such damages, and only such, as he shall have actually sustained.
The case of Peters vs. Opie (2 Saund. 346,) sustains this last proposition, and is irreconcilable with that contended for in the petition, and to support which it has been cited by the petitioning counsel. It was an action of assumpsit with two counts, the first upon a promise to pay thirty shillings for the completion of a job of work, the subsequent performance of which, according to contract, was averred; the second upon a promise to pay eight pounds for another job of work, which the plain-, tiff had only offered to perform, and the performance of which the defendant refused to permit.
And on the general issue, verdict and judgment were rendered — not for the whole nine pounds ten shillings— *478 but for only four pounds; which shows that the plaintiff did not recover the eight pounds stipulated for the job never actually performed; but recovered for a breach of 1;hat agreement, only such damages as he had actually sustained.
The case of Bright vs. Cooper, cited in the petition, is not applicable. It only recognizes the plain and familiar doctrine that, a party failing to perform fully an entire condition precedent, cannot maintain an action on his contract.
Nor has either of the other cases, cited in the petition and which were not noticed in the case of Chamberlin vs. McCallister et al., any bearing in favor of such a rule as that urged by the learned counsel in this case. In the case of Graham et al. vs. Ross et al. the Court in New York decided only, that, after completing a house, the undertaker could not be prevented from recovering the price stipulated for full performance on his part, by proof of the fact that a small part of the job had not been finished as soon as the contract prescribed — because the defendant had, by his own act, caused the delay. But in this case, the work undertaken to be done had all been done.
And in the case of Fleming vs. Gilbert, (3 Johns. Rep. 528,) the Court decided only, that a party, after preventing or waiving performance by the other party, according to their original contract, cannot recover damages for non-performance, according to the terms of that contract.
Having thus briefly noticed the supplemental cases brought to our consideration by the research of the vigilant counsel, and being, as we yet are, well satisfied with the principle of the case of Chamberlin vs. McCallister et al., we deem a re-argument of this case, which is just like that, altogether unnecessary.
If any further response to the petition should be considered proper, we must be permitted to make it by only inviting a careful examination of the case of Chamberlin vs. McCallister et al. and a full comparison of it with this case.
A re-hearing is therefore declined.